Motions for Rehearing Overruled; Majority and Dissenting Opinions of
November 20, 2003, Withdrawn; Affirmed in Part and Reversed and Remanded in
Part and Majority and Dissenting Opinions on Rehearing filed February 26, 2004












Motions for
Rehearing Overruled; Majority and Dissenting Opinions of November 20, 2003,
Withdrawn; Affirmed in Part and Reversed and Remanded in Part and Majority and
Dissenting Opinions on Rehearing filed February 26, 2004. 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00193-CR

NO.
14-02-00194-CR

NO.
14-02-00195-CR

_______________

 

ROBERT
PHILLIPS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

______________________________________________________

 

On Appeal from the 228th District Court

Harris County,
Texas

Trial Court Cause Nos. 881466,
881467, 881468

______________________________________________________

 

D I S S E N T
I N G   O P I N I O N

 

            I disagree with the majority’s
reversal of two of appellant’s convictions. 
As correctly recognized in the majority opinion, the election requirement
can implicate several distinct rights of a defendant including: being provided
fair notice of the charged offense, assuring that extraneous offense evidence
not be used as proof of guilt, and assuring that a conviction be based on a
unanimous jury verdict.  Although issues
two, three, and nine of appellant’s brief all assign error to the trial court’s
failure to require the State to make the required election and provide the
corresponding instructions in the jury charge, these three issues collectively
claim that appellant was denied only his rights to fair notice of the offense
and opportunity to defend, limitation on the use of extraneous offense
evidence, and effective appellate review of the sufficiency of the evidence.  Although none of these issues allude in any
way to appellant’s right to a unanimous jury verdict, the majority’s harm
analysis and resulting reversal is based largely on the harm potentially
arising from a denial of that right. 
Because I believe these issues should instead be decided based on the
rights which they contend were violated and any harm arising therefrom, I do
not agree with the majority’s sustaining of those issues on the unasserted
violation of the right to a unanimous jury verdict.  Nor do I believe that a violation of that
right can always be presumed upon a failure to elect among multiple incidents,
as the majority suggests, even where, as here, there is no difference in the
credibility of the evidence of the various incidents, such that jurors would
have had any reason to differ on whether a defendant was guilty of one versus
another.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Majority and Dissenting Opinions filed February 26, 2004.

Panel consists of Chief Justice Brister and Justices
Fowler and Edelman.  (Fowler, J.
majority.)

 

Publish — Tex.
R. App. P. 47.2(b).